Swen Prior, Esq.
Nevada Bar No. 9324
Aleem A. Dhalla, Esq.
Nevada Bar No. 14188
SNELL & WILMER
1700 S Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: sprior@swlaw.com
       adhalla@swlaw.com

Kristopher L. Reed (*pro hac vice*)
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel: (214) 964-9500
Fax: (214) 964-9501
kris.reed@hklaw.com

Edward J. Mayle (*pro hac vice*)
Kenneth S. Chang (*pro hac vice*)
HOLLAND & KNIGHT LLP
1801 California Street, Suite 5000
Denver, CO 80202
Tel: (303) 974-6653
Fax: (303) 974-6659
edward.mayle@hklaw.com
kenneth.chang@hklaw.com

*Attorneys for Plaintiff TP-Link Systems Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TP-LINK SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN CUDY TECHNOLOGY CO., LTD., <br><br> Defendant. | Case No. 2:25-cv-00057-JCM-BNW <br><br> **UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINES** <br><br> **(FIRST REQUEST)** |

Plaintiff, TP-Link Systems Inc. ("Plaintiff"), by and through its counsel of record, respectfully requests the Court extend certain deadlines in the current scheduling order and discovery plan in this matter ("Motion"), as more fully explained below.

Pursuant to Local Rule IA 6-1(a), this is the first such discovery extension requested in this matter.

4922-3152-5993

Pursuant to Local Rule IA 6-2, this Motion is **unopposed**. As demonstrated below, Plaintiff met and conferred with counsel for Defendant Shenzhen Cudy Technology Co. Ltd. ("Defendant"). During discussions between the parties, Defendant proposed a one-month extension to which Plaintiff agreed to stipulate; however, Defendant later refused to join a stipulation but stated it would not oppose a motion seeking identical relief. This required Plaintiff to forego the stipulation that it had already been drafted and instead file this unopposed Motion. Therefore, for the reasons stated below, Plaintiff requests the Court grant the Motion.

## DECLARATION OF ALEEM A. DHALLA, ESQ. IN SUPPORT OF MOTION TO EXTEND DISCOVERY DEADLINES

I, Aleem A. Dhalla, declare as follows:

1. I am an attorney with the law firm of Snell & Wilmer L.L.P. and, along with Holland & Knight LLP, are counsel of record for Plaintiff in the above-entitled action.

2. I have personal knowledge of all matters stated herein and would competently be able to testify to them and make this declaration under the penalty of perjury.

3. I make this declaration pursuant to LR 26-6 in support of Plaintiff's Motion.

4. On Wednesday, September 3, 2025, Plaintiff's counsel sent an email to Defendant's counsel requesting an extension of certain expert disclosure and expert discovery deadlines, but leaving the fact discovery deadline in place. Plaintiff's counsel explained that given Defendant's refusal to produce noticed fact witnesses until late September 2025 for depositions, the current expert disclosure deadline, set for October 1, 2025, was impractical.

5. On Thursday, September 4, 2025, Defendant's counsel responded and stated they needed to "discuss with our client and will get back to you asap."

6. On Monday, September 8, 2025, Plaintiff followed up, requesting a response by the following day.

7. On Tuesday, September 9, 2025, Defendant's counsel finally responded and rejected Plaintiff's proposed deadline revision, proposing instead a one-month extension of the initial expert report deadline.

4922-3152-5993

8.     That same day, Tuesday, September 9, 2025, Plaintiff's counsel responded, stating that, in the spirit of cooperation, Plaintiff would agree to the one-month extension and circulate a stipulation and order.

9.     On Thursday, September 12, 2025, Plaintiff's counsel prepared and circulated a stipulation for review by Defendant's counsel memorializing the agreed extension.

10.    The next day, Friday, September 12, 2025, Defendant's counsel responded that "Cudy [Defendant] does not oppose the relief TP Link [Plaintiff] requests in the document you sent. But Cudy [Defendant] does not agree to join a stipulation. So the request to the Court should be in the form of an unopposed motion."

11.    Exhibits 1 and 2 to the Motion are true and correct copies of the last two emails referenced above between Plaintiff's counsel and Defendant's counsel regarding the stipulation.

12.    Thereafter, on Friday, September 12, 2025, I spoke with Mr. Robert McCoy, Esq. Nevada counsel for Defendant.

13.    I indicated that, if Defendant would not agree to sign the stipulation, Plaintiff would be required to expend unnecessary time converting the stipulation into a motion to extend.

14.    Mr. McCoy stated that while his client would not join the stipulation, he would file a notice of non-opposition shortly after I submitted the motion.

EXECUTED 13th day of September, 2025, in Las Vegas, Nevada.

                                            */s/ Aleem A. Dhalla*
                                            Aleem A. Dhalla

4922-3152-5993

**DISCOVERY COMPLETED TO DATE PURSUANT TO LR 26-3(a)**

1. The parties submitted their joint Rule 26(f) report and discovery plan on May 16, 2025.

2. Plaintiff served its initial disclosures on June 3, 2025.

3. Defendant served its initial disclosures on June 3, 2025.

4. Plaintiff propounded requests for production of documents and interrogatories on Defendant on May 5, 2025, to which Plaintiff responded on June 9, 2025.

5. Defendant propounded requests for production of documents and interrogatories on Plaintiff on May 29, 2025, to which Plaintiff responded on July 14, 2025.

6. Plaintiff supplemented its initial disclosures by providing additional documents on August 8, 2025.

7. Both parties subsequently have supplemented their initial disclosures by producing documents on a rolling basis.

8. The parties stipulated, and the Court then entered, on September 3, 2025, a stipulation regarding the handling of electronically stored information.

9. On July 28, 2025, Plaintiff served four deposition notices for Defendant's employees and/or principals. The depositions were noticed for dates in mid-to-late August.

10. On August 29, 2025, Defendant served four deposition notices for Plaintiff's employees and/or principals.

**DISCOVERY TO BE COMPLETED PURSUANT TO LR 26-3(b)**

1. Both parties have noticed the depositions of several fact witnesses and are mutually coordinating on scheduling these depositions.

2. The parties have yet to make expert disclosures.

3. The parties have yet to depose each other's experts.

4. The parties may also require additional fact discovery, including additional written discovery.

4922-3152-5993

## REASONS FOR EXTENSION PURSUANT TO LR 26-3(c)

There is good cause for the request pursuant to LR IA 6-1 and LR 26-3. The parties have been diligently working together to resolve discovery issues, including written discovery disputes. The parties have also been working together to schedule depositions of several fact witnesses on both sides, as many of them are located outside of Nevada (and out of the country). Defendant has indicated it will not produce witnesses for depositions until the last week of September 2025 at the earliest. This has made the October 1, 2025 expert disclosure deadline unworkable. Therefore, good cause exists for this extension.

To the extent required, there is excusable neglect for Plaintiff making this request less than 21 days from the expiration of the deadline. Plaintiff spent several weeks, starting in early August 2025, working with Defendant to try and schedule depositions and accommodate witness availability. When it was apparent that Defendant's witnesses would not be made available until late September 2025 (and perhaps later), Plaintiff promptly requested the extension on September 3, 2025. Defendant ultimately approved the extension, but on the afternoon of Friday, September 12, 2025, Defendant's counsel stated, after receiving Plaintiff's proposed stipulation, that "Cudy [Defendant] does not oppose the relief TP Link [Plaintiff] requests in the document you sent. But Cudy [Defendant] does not agree to join a stipulation. So the request to the Court should be in the form of an unopposed motion." Ex. 2. Therefore, to the extent required, there is excusable neglect for Plaintiff requesting this extension 18 days before expiration of the earliest subject deadline. The delay in making this Motion is minimal, does not impact the deadline for Fact Discovery Cutoff, and there is good cause why Plaintiff did not bring its Motion sooner.

Plaintiff has acted in good faith to request this extension and has no intent, nor reason, to delay the resolution of this matter. Therefore, Plaintiff respectfully requests the Court grant the unopposed extension requested below.

- 5 -

4922-3152-5993

**NEW DISCOVERY DEADLINES PURSUANT TO LR 26-3(d)**

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Cutoff | November 30, 2025 | Same |
| Expert Disclosures | October 1, 2025 | November 1, 2025 |
| Rebuttal Expert Disclosures | November 1, 2025 | December 10, 2025 |
| Expert Discovery Cutoff | December 1, 2025 | January 15, 2026 |
| Dispositive Motion(s) Deadline | January 2, 2026 | February 10, 2026 |
| Pretrial Order | February 1, 2026 | March 10, 2026 |

Dated: September 13, 2025.

SNELL & WILMER L.L.P.

By: _/s/ Aleem A. Dhalla_
Swen Prior, Esq.
Aleem A. Dhalla, Esq.
1700 S Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135

Kristopher L. Reed, Esq. (*pro hac vice*)
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201

Edward J. Mayle, Esq. (*pro hac vice*)
Kenneth S. Chang, Esq. (*pro hac vice*)
HOLLAND & KNIGHT LLP
1801 California Street, Suite 5000
Denver, CO 80202

*Attorneys for Plaintiff TP-Link Systems Inc.*

**IT IS SO ORDERED.**

Dated this __15th__ day of September, 2025.

UNITED STATES MAGISTRATE JUDGE

4922-3152-5993

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINES** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: September 13, 2025

                                              */s/ Richard Schaan*
                                              An employee of SNELL & WILMER L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
(703)784-5200

- 7 -

4922-3152-5993

**INDEX OF EXHIBITS TO PLAINTIFF TP-LINK SYSTEMS INC.'S UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINES**

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| Exhibit 1 | *Thursday, September 11, 2025 Email from Plaintiff's Counsel re Draft Stipulation and Order* | Page 1 |
| Exhibit 2 | *Friday, September 12, 2025 Email from Defendant's Counsel re Draft Stipulation and Unopposed Motion* | Page 2 |

4922-3152-5993

# EXHIBIT 1
# Thursday, September 11, 2025 Email from Plaintiff's Counsel re Draft Stipulation and Order

| | |
|---|---|
| **From:** | Ken.Chang@hklaw.com |
| **To:** | srichey@steptoe.com; Amir.Shakoorian@hklaw.com; mallan@steptoe.com; ehartman@steptoe.com; rmccoy@kcnvlaw.com |
| **Cc:** | Kris.Reed@hklaw.com; Edward.Mayle@hklaw.com; Prior, Swen; Dhalla, Aleem; Carolyn.Taylor@hklaw.com; Amanda.Seward@hklaw.com; dendres@kcnvlaw.com |
| **Subject:** | RE: TP-Link v. Cudy (Case 2:25-cv-00057) |
| **Date:** | Thursday, September 11, 2025 9:03:04 PM |
| **Attachments:** | TP-Link - SAO to Continue Discvy DLs 4934-2167-2552_1(527219309.1).docx |

**[EXTERNAL]** ken.chang@hklaw.com

Dear Scott: Attached is a stipulated motion regarding the expert reports. Please let us know if you consent to filing with your e-signature.

Best,

Ken

**Ken Chang** | **Holland & Knight**
Partner
Holland & Knight LLP
1801 California Street, Suite 5000 | Denver, Colorado 80202
Phone +1.303.974.6648 | Fax +1.303.974.6659
ken.chang@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Chang, Ken (DEN - X56648)
**Sent:** Tuesday, September 9, 2025 3:54 PM
**To:** Richey, Scott <Srichey@steptoe.com>; Shakoorian, Amir A (LAX - X52578, NPB - X41436) <Amir.Shakoorian@hklaw.com>; mallan <mallan@steptoe.com>; ehartman <ehartman@steptoe.com>; rmccoy <rmccoy@kcnvlaw.com>
**Cc:** Reed, Kris (DAL - X51753) <Kris.Reed@hklaw.com>; Mayle, Ted (DEN - X56653) <Edward.Mayle@hklaw.com>; sprior <sprior@swlaw.com>; adhalla <adhalla@swlaw.com>; Taylor, Carolyn (DAL - X51757) <Carolyn.Taylor@hklaw.com>; Seward, Amanda C (DAL - X61615) <Amanda.Seward@hklaw.com>; Desiree Endres <dendres@kcnvlaw.com>
**Subject:** RE: TP-Link v. Cudy (Case 2:25-cv-00057)

Dear Scott:

Thank you for your email. Amir and Kris are also on the road today, so I am writing to provide a quick response.

# EXHIBIT 2
# Friday, September 12, 2025 Email from Defendant's Counsel re Draft Stipulation and Unopposed Motion

|  |  |
|---|---|
| **From:** | Richey, Scott |
| **To:** | Ken.Chang@hklaw.com; Amir.Shakoorian@hklaw.com; Allan, Michael; Hartman, Elaine; rmccoy@kcnvlaw.com |
| **Cc:** | Kris.Reed@hklaw.com; Edward.Mayle@hklaw.com; Prior, Swen; Dhalla, Aleem; Carolyn.Taylor@hklaw.com; Amanda.Seward@hklaw.com; dendres@kcnvlaw.com |
| **Subject:** | RE: TP-Link v. Cudy (Case 2:25-cv-00057) |
| **Date:** | Friday, September 12, 2025 3:37:22 PM |
| **Attachments:** | image001.png |

**[EXTERNAL]** srichey@steptoe.com

Hi Ken,

Thank you for sending the document. Cudy does not oppose the relief TP Link requests in the document you sent. But Cudy does not agree to join a stipulation. So the request to the Court should be in the form of an unopposed motion.

There appears to be a typo in the last entry in the schedule, which should read "March 10, 202**6**", not "March 10, 202**5**".

Best regards,
**Scott M. Richey**
Of Counsel

# Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 6436 direct | +1 202 713 8196 mobile | Srichey@steptoe.com |
www.steptoe.com | Steptoe Bio