UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TP Link Systems Inc., | Case No. 2:25-cv-00057-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Shenzhen Cudy Technology Co., Ltd., | |
| Defendant. | |

Before this Court are two motions to seal filed by Plaintiff, which rely on the protective order entered into by the parties. ECF Nos. 82 and 97. Defendant's responses provide the good cause needed for the documents in question to remain under seal. ECF Nos. 104 and 105. As a result, the Court grants Plaintiff's motions.

**I.   DISCUSSION**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a

protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Stipulated protective orders alone do not justify sealing court records. *Kamakana*, 447 F.3d at 1183; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause). Stipulated protective orders "often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1183. Because judges sign off on these protective orders without making individualized findings, they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Id.*; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

Plaintiff's first motion seeks to seal certain exhibits attached to its motion to compel at ECF No. 82. The sealed documents are at ECF No. 81. Next is Plaintiff's motion to seal certain exhibits attached to its opposition to Defendant's motion to strike at ECF No. 95. The sealed exhibits are at ECF No. 96.

The exhibits in question are attached to a nondispositive motion and an opposition to such a motion. In addition, these documents are only tangentially related to the underlying cause of action. As a result, the good cause standard applies.

The exhibits at ECF No. 81 contain information regarding Cudy's design processes, product testing and development, as well as sales and other proprietary business information. Disclosure of this proprietary information would be harmful to Cudy's business. Good cause therefore exists to keep these documents under seal.

The exhibits at ECF No. 96 contain information involving Cudy's product testing and development as well as sensitive marketing and promotional strategy information. Disclosure of these documents could be harmful to Cudy's business. Good cause therefore exists to keep these documents under seal.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motions to seal (ECF Nos. 82 and 97) are **GRANTED.** The Clerk's Office is directed to maintain ECF Nos. 81 and 96 under seal.

DATED: December 2, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE