Swen Prior, Esq.
Nevada Bar No. 9324
Aleem A. Dhalla, Esq.
Nevada Bar No. 14188
SNELL & WILMER
1700 S Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone:  (702) 784-5200
Facsimile:  (702) 784-5252
Email: sprior@swlaw.com
        adhalla@swlaw.com

Kristopher L. Reed (*pro hac vice*)
Adrienne E. Dominguez (*pro hac vice*)
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel: (214) 964-9500
Fax: (214) 964-9501
kris.reed@hklaw.com
adrienne.dominguez@hklaw.com

Edward J. Mayle (*pro hac vice*)
Kenneth S. Chang (*pro hac vice*)
HOLLAND & KNIGHT LLP
1801 California Street, Suite 5000
Denver, CO 80202
Tel: (303) 974-6653
Fax: (303) 974-6659
edward.mayle@hklaw.com
kenneth.chang@hklaw.com

Amir A. Shakoorian (*pro hac vice*)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel:  (213) 896-2578
amir.shakoorian@hklaw.com

Sadie Mlika (*pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Tel: (617) 854-1497
sadie.mlika@hklaw.com

*Attorneys for Plaintiff TP-Link Systems Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TP-LINK SYSTEMS INC.,<br><br>TP-Link,<br><br>v.<br><br>SHENZHEN CUDY TECHNOLOGY CO., LTD.,<br><br>Cudy. | Case No. 2:25-cv-00057-JCM-BNW<br><br>**UNOPPOSED MOTION TO STAY ALL CASE DEADLINES PENDING RULING ON SANCTIONS MOTION** |

Plaintiff TP-Link Systems Inc. ("TP-Link"), by and through its counsel of record, respectfully requests the Court stay all future Court deadlines pending resolution of TP-Link's forthcoming motion for sanctions, as more fully explained below.

Since early June 2025, Cudy has advanced a narrative that an individual named Jianzhong Yang was the designer of the accused products, and that no written communications were ever exchanged with this designer. Cudy even supported that narrative with sworn declarations filed

- 1 -

4908-4785-0887

with the Court from Cudy's CEO and a lower-level employee. TP-Link has now discovered that Cudy's narrative was false, and that Cudy's CEO and employee perjured themselves. In response to this attempted fraud on the Court, Cudy's prior counsel withdrew from the case, and TP-Link intends to move for severe sanctions. With initial expert disclosures due in just over two weeks, however, there is inadequate time under the present case schedule to address Cudy's misconduct. Therefore, TP-Link respectfully requests that the Court stay all future Court deadlines pending resolution of TP-Link's forthcoming motion for sanctions.[1]

Pursuant to Local Rule IA 6-2, TP-Link met and conferred with counsel for Defendant Shenzhen Cudy Technology Co. Ltd. ("Cudy"), and Cudy stated that in the interest of judicial efficiency, does not oppose the specific relief sought by this motion; however, such non-opposition should not be construed as an endorsement of, or agreement with, any of the positions or arguments set forth by TP-Link in support of this motion. Cudy will respond to TP-Link's positions and arguments at an appropriate time.

## I. TIMELINE AND BACKGROUND

1. TP-Link served initial requests for production of documents and interrogatories on Cudy on May 5, 2025. TP-Link's second interrogatory requested "Describe in detail the facts and circumstances concerning the conception, creation, selection, and adoption of the Accused Cudy Trade Dress, including by identifying (i) the origin of the Accused Cudy Trade Dress and (ii) all Persons responsible for or participated in the conception, creation, selection, or adoption of the Accused Cudy Trade Dress." (Dkt. 81-1.) TP-Link's second request for production similarly requested "for each Accused Cudy Product, Documents concerning the design, development, testing, operation, and/or use of the Accused Cudy Product." (Dkt. 81-2.) TP-Link's tenth request for production further requested all documents "that influenced, were used, were referenced, or otherwise relate to Your work in designing any Accused Cudy Product or in deciding to design the Accused Cudy Products." (Declaration of Kristopher L. Reed ("Reed Decl."), Ex. 1.)

2. On June 9, 2025, Cudy responded to Interrogatory No. 2 served by TP-Link, representing:

---

[1] TP-Link anticipates filing its motion for sanctions no later than January 23, 2025.

4931-3862-6183

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
(703)784-5200

[REDACTED]

(Dkt. 81-1) (emphasis added). Cudy did not produce any communications with the identified third-party designer, Mr. Jianzhong Yang, in response to TP-Link's requests for production. (Reed Decl., ¶ 5.)

3.    On September 9, 2025, per TP-Link's request, Cudy supplemented its response to Interrogatory No. 2 to provide further detail regarding its design activities with this third-party designer, Mr. Yang.  In that supplemental response, Cudy represented that [REDACTED]

[REDACTED]

Again, no communications with Mr. Yang were produced with this supplementation. (Reed Decl., ¶ 5.)

4.    Over the following weeks, counsel for the parties met and conferred regarding Cudy's failure to produce any written communications with this third-party designer, Mr. Yang. During these conferrals, Cudy's counsel repeatedly relayed its client's representation that Cudy had zero written communications with Mr. Yang during the design of the accused products—no emails or messages, no service agreements or statements of work, no invoices or payments between Cudy and Mr. Yang, and no meeting requests or confirmation of meetings. (Reed Decl., ¶ 6.) Cudy's

Snell & Wilmer

L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
(703)784-5200

- 3 -

counsel further represented that the only contact information available for Mr. Yang was a Chinese phone number, and that Cudy had no address, email or other contact information for this individual.

5. TP-Link filed a motion to compel on October 23, 2025, requesting "that the Court order Cudy to produce all communications with the third-party designer of the accused products, irrespective of the communication platform used for such communications." (Dkt. 81 at 11.)  In support of this motion, TP-Link noted that "Cudy has failed to produce a single written communication between Cudy and Mr. Yang regarding these designs" and argued, *inter alia*, that "[i]t is unbelievable that zero written communications exist between Cudy and the principal designer of the sophisticated Wi-Fi routers and mesh-network products at the center of this action." (*Id.* at 9.)

6. On October 31, 2025, TP-Link served additional discovery requests on Cudy.  Many of those new requests—including one request for production, three interrogatories, and at least 37 requests for admission—were directed to Cudy's relationship with this third-party designer, Mr. Jianzhong Yang. (*See* Reed Decl., Exs. 2-4.)

7. Cudy responded to the motion to compel on November 4, 2025. In opposing TP-Link's motion, Cudy maintained its prior representations that it had engaged "a third-party freelance designer named Jianzhong Yang" to design the accused products. (Dkt. 89 at 1.) Cudy further represented that:

> The designer, Mr. Jianzhong Yang, agreed to provide freelance design work. Yang preferred to communicate by phone or in person, which is a common practice in China for freelancers. Andy Chen and Reed Liu met in person with Yang a handful of times, where they discussed designs and exchanged documents, when developing the external housing for certain of Cudy's products, including the products which TP-Link has accused of infringement here.

(*Id.* at 3 (citations omitted).)  Cudy further represented that "it has searched for and not located communications with Yang" and that "Cudy personnel have provided sworn declarations that communications with Yang were primarily in person." (*Id.* at 4.) In view of these representations, Cudy argued that "[w]hile TP-Link bristles at the lack of communication, it aligns with the sworn statements that communications with Yang were done in person" and thus "there is nothing to compel." (*Id.* at 5.)  Cudy further claimed that somehow "TP-Link is free to pursue discovery

4931-3862-6183

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
(703)784-5200

directly from Yang" in China, despite Cudy providing only a Chinese phone number for Mr. Yang and no additional contact information.

8.    The "sworn statements" referenced by Cudy in its opposition to TP-Link's motion to compel were two sworn declarations submitted to the Court in support of Cudy's opposition: (1) one from Cudy founder and CEO, Zhihong "Andy" Chen (Dkt. 89-2); and (2) one from a lower-level employee, Zheng "Ken" Chen (Dkt. 89-1). Each declaration is signed by the declarant following an attestation that "under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746." (Dkt. 89-1 at 4; Dkt. 89-2 at 3.)

9.    The declaration from Cudy CEO, Andy Chen, identifies this same "third-party designer, Mr. Jianzhong Yang" and recounts "several in-person meetings with Mr. Yang a few years ago in which he would bring various design options for our consideration." (Dkt. 89-2 at 3.) The Cudy CEO further attests that "Ken Chen introduced Mr. Yang to Cudy" and that the CEO "only authorized Ken Chen to communicate with Mr. Yang on behalf of Cudy." (*Id.*) The CEO further attests that "[n]o one else at Cudy has been authorized by me to communicate directly with Mr. Yang" and that the CEO is "not aware of any other employees at Cudy, during the time Mr. Yang was designing products, who had direct communications with him." (*Id*.)

10.    The declaration from lower-level employee Ken Chen continues the narrative from the CEO's declaration. Specifically, Ken Chen identifies the same "third-party designer, Mr. Jianzhong Yang" as the designer of the accused products. (Dkt. 89-1 at 3.) Mr. Ken Chen attests that Mr. Yang "provides freelance industrial design services" and that he "did not communicate electronically with [Mr. Yang], which is not an uncommon practice in China for freelancers." (*Id.* at 3.) Mr. Ken Chen further attests that he was "the primary point of contact with Mr. Yang, helping to schedule meetings for Andy Chen and Reed Liu" and that such "meetings with Mr. Yang were in person" and that he "do[es] not recall communicating with him other than by phone or in person." (*Id.* at 3.)

11.    On November 6, 2025, TP-Link filed its reply in support of the motion to compel, noting that "Cudy has provided no plausible justification for its failure to identify and produce all

- 5 -

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
(703)784-5200

written communications with the third party who designed all the accused products in this case." (Dkt. 91 at 3.)  In support, TP-Link submitted a declaration from a renowned industrial designer demonstrating that "the notion that all communications occurred orally, without a single written exchange, is virtually impossible." (*Id.* at 4.) TP-Link also showed that such an arrangement as claimed by Cudy is implausible because it would violate Chinese law. (*See id.* at 4-5.)

12.     On November 14, 2025, the Court heard argument on TP-Link's motion to compel. (*See* Dkt. 98). During the hearing, the Court asked Cudy's counsel, "would you not concede that it's strange that there are no communications in writing? I mean, doesn't that strike you as strange?" (Reed Decl., Ex. 5 at 15:18-20). In response, Cudy's counsel ultimately conceded, "I would have expected to find something." (*Id.* at 16:3.) The Court thus found it "really hard to understand how there would be no communications whatsoever between him and employees for Cudy," and that "what has been provided is not sufficient to assuage [the Court] that a proper search has been conducted." (*Id.* at 20:18-23.)   Accordingly, the Court granted the motion to compel in part, ordering Cudy "to engage [] an e-vendor that both parties agree upon on so that both computers and personal devices are searched for WeChat communications, but also other platforms that may have been used as well. Parties are to meet and confer as to which custodian's computers and devices should be searched, but an e-vendor needs to conduct the search, provide a detailed explanation of what was done and what was found and turned over to Plaintiff for review." (Dkt. 98.) The parties were ordered first to confer, and the search was to be conducted no later than November 30, 2025, with the review and production to take place no later than December 14, 2025. (*See id.*)

13.     Following the Court's order, TP-Link engaged a Chinese law firm to investigate the named third-party designer, Mr. Jianzhong Yang, in order to verify Cudy's attestations made during briefing on TP-Link's motion to compel and the related hearing. (Reed Decl., ¶ 11.) The materials discovered by this investigation raised serious questions regarding the truthfulness of the sworn declarations Cudy's CEO and employee submitted to the Court. TP-Link alerted Cudy's counsel to this development by telephone on November 20, 2025, and provided the investigation materials by email on November 21, 2025. (*Id.*, Ex. 6.) These materials showed that Cudy's alleged "freelance"

- 6 -

4931-3862-6183

designer, Mr. Jianzhong Yang, "is not a 'freelancer' by any definition, nor does he abstain from electronic communications." (*Id.*) In particular, the materials showed that Mr. Yang "uses the name Yang Rui in marketing (and on WeChat)" and that Mr. Yang "is the founder of a government-registered, brick-and-mortar design firm located near Cudy with multiple employees, and his company profile page directs people to connect with him electronically via the company WeChat QR code." (*Id.*)

14.     On November 24, 2025, TP-Link sent proposed search terms to Cudy's counsel in advance of the Court-ordered November 30, 2025 deadline for the device search. (Reed Decl., Ex. 7.)  Many of the proposed search terms were derived from the materials TP-Link shared with Cudy's counsel from the Chinese law-firm investigation. (*Id.*)

15.     On November 26, 2025, Cudy's counsel informed TP-Link's counsel by telephone that all attorneys of record for Cudy—both lead and local counsel—would be withdrawing from the litigation. (Reed Decl., ¶ 14.) Later that day, Cudy's counsel filed a Motion to Withdraw as Counsel. (Dkt. 103.) In that motion, Cudy's counsel reported:

> On or around November 22, 2025, Kaempfer Crowell and Steptoe LLP first learned of inaccuracies in the record related to the design of the Accused Products, as they are described in the operative Complaint. ECF No. 44. Steptoe LLP has informed Cudy of the need to immediately correct these inaccuracies. Steptoe LLP has also been in contact with new counsel for Cudy concerning the immediate need to make these record corrections and Steptoe LLP and Kaempfer Crowell understand that Cudy will make such corrections will be made promptly.

(Dkt. 103 at 2-3.) As the requisite good cause for the withdrawal, Cudy's counsel cited Nevada Rule of Professional Conduct 3.3(a)(3), which states: "A lawyer shall not knowingly . . . Offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal."

16.     On December 1, 2025, the Court granted the requested withdrawal and ordered "that by December 11, 2025, Defendant must obtain new counsel and have counsel file an appearance with this Court." (Dkt. 106.)  New counsel for Cudy first appeared on December 5, 2025. (*E.g.*,

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
(703)784-5200

4931-3862-6183

Dkt. 109.) This represents the third time a new set of attorneys has appeared to represent Cudy in this matter. (*See* Dkt. 21; Dkt. 103.)

17. On December 17, 2025, Cudy served a "corrected" answer to Interrogatory No. 2. In that response, ██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████

18. On the day after Christmas, December 26, 2025, Cudy served Supplemental Initial Disclosures. (Reed Decl., Ex. 9.) The only supplemental disclosure provided by Cudy was listing this same newly identified individual, Mr. Zhenxuan Guan, as someone "knowledgeable about the conception and creation of the industrial designs of the accused Cudy products." (*Id.* at 3.) In contravention of Rule 26, no contact information was provided for this individual; only that "Mr. Guan may be contacted through Cudy's counsel." (*Id.*) On January 6, 2025, per TP-Link's request, Cudy served Second Supplemental Initial Disclosures providing Mr. Guan's contact information. (*See id.*, Ex. 10.)

## II.   GOOD CAUSE EXISTS FOR A STAY OF ALL COURT DEADLINES

Cudy's repeated misrepresentations during discovery and Cudy's submission of perjured testimony to the Court have upended this case. For over six months during discovery, Cudy advanced a false narrative that Mr. Jianzhong Yang was the designer of the accused products, and

- 8 -

that Cudy's only communications with Mr. Yang had been by telephone or in-person. When TP-Link challenged this implausible narrative via its motion to compel, Cudy doubled down on its deception by submitting perjured declarations to the Court from its CEO (Andy Chen) and a lower-level employee (Ken Chen). Those coordinated declarations evince a deliberate, orchestrated effort to commit fraud on the Court. Only after an investigation by a Chinese law firm unearthed indisputable proof that Cudy was lying, and Cudy's prior law firm was forced to withdraw as a result, did Cudy elect to "correct" its story.

Cudy's misrepresentations regarding the design process of the accused products go to the heart of this trade-dress infringement case and, at a minimum, speak directly to Cudy's intent to copy TP-Link's product designs. Cudy's prior counsel confirmed this in their motion to withdraw, lamenting "inaccuracies in the record related to the design of the Accused Products, as they are described in the operative Complaint" and acknowledging "the need to immediately correct these inaccuracies." (Dkt. 103 at 2.) Cudy's deception has thus "thwarted [TP-Link's] right to obtain relevant discovery relating to the specific causes of action." *Swisher Hygiene Franchise Corp. v. Clawson,* No. CV-15-01331-PHX-DJH, 2018 WL 8642738, at *14 (D. Ariz. Oct. 15, 2018) (entering default judgment where the defendants "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings.") (cleaned up).

TP-Link intends to move the Court to impose sanctions for Cudy's misconduct. This may include terminating sanctions or other such penalties, including fees, as the Court deems appropriate to address Cudy's misconduct. *See, e.g., Metricolor, LLC v. L'Oreal USA, Inc.*, No. 2:18-CV-00364-CAS-EX, 2024 WL 1376476, at *6 (C.D. Cal. Mar. 29, 2024), *aff'd*, No. 24-3747, 2025 WL 3281522 (9th Cir. Nov. 25, 2025) ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate."); *Addison v. Monarch & Assocs., Inc.*, 2017 WL 10562596, at *2 (C.D. Cal. May 8, 2017), *report and recommendation adopted*, 2017 WL 10651147 (C.D. Cal. June 5, 2017) ("Upon a finding of bad faith, courts can levy an assortment of sanctions under their inherent power, including monetary awards, attorneys' fees, adverse inference

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
(703)784-5200

- 9 -

4931-3862-6183

jury instructions, and even dismissal of claims or default.") (cleaned up). Such sanctions thus have the potential to eliminate, or at least simplify, disputed issues in this case.

Moreover, Cudy's perpetual false narrative regarding the design of the products already has wasted copious party and Court resources as TP-Link has chased discovery regarding a design process that Cudy now has admitted was a fabrication. And Cudy's deception on this key issue calls into question the veracity and completeness of *all* Cudy's discovery responses to date. Investigating the full extent of Cudy's misconduct in this and other areas of discovery and its attendant impact on the case will require more time than currently afforded under the case schedule. (*See* Dkt. 107 at 3 (setting an initial Expert Disclosure deadline of January 23, 2025).)

Accordingly, good cause exists for the Court stay all Court deadlines until resolution of TP-Link's forthcoming motion for sanctions. *See Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, at *5 (D. Nev. Oct. 14, 2021) (holding that "[g]ood cause exists to stay discovery pending the determination of the pending dispositive motions."). This will prevent the needless expenditure of time and resources on issues that may be resolved via TP-Link's motion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")  Upon resolution of the motion, the parties and the Court will be best positioned to craft a reasonable schedule for resumption of expert disclosures and completion of any remaining discovery should the case proceed.

Dated:  January 12, 2026.                    SNELL & WILMER L.L.P.


By:  */s/ Aleem A. Dhalla*
    Swen Prior, Esq.
    Aleem A. Dhalla, Esq.
    1700 S Pavilion Center Drive, Suite 700
    Las Vegas, Nevada 89135

    Kristopher L. Reed, Esq. (*pro hac vice*)
    Adrienne E. Dominguez (*pro hac vice*)
    HOLLAND & KNIGHT LLP
    One Arts Plaza
    1722 Routh Street, Suite 1500
    Dallas, TX 75201

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
(703)784-5200

4908-4785-0887

Edward J. Mayle, Esq. (*pro hac vice*)
Kenneth S. Chang, Esq. (*pro hac vice*)
HOLLAND & KNIGHT LLP
1801 California Street, Suite 5000
Denver, CO 80202
Amir A. Shakoorian, Esq. (*pro hac vice*)
HOLLAND & KNIGHT LLP
400 S. Hope Street, 8th Floor
Los Angeles, CA 90071

Sadie Mlika (*pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116

*Attorneys for Plaintiff TP-Link Systems Inc.*

**IT IS SO ORDERED.**

Dated this ___15th___ day of January, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
(703)784-5200

- 11 -

4931-3862-6183

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **UNOPPOSED MOTION TO STAY ALL CASE DEADLINES PENDING RULING ON SANCTIONS MOTION** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: January 12, 2026

/s/ Debbie Shuta
An employee of SNELL & WILMER L.L.P.

- 12 -

4908-4785-0887

Swen Prior, Esq.
Nevada Bar No. 9324
Aleem A. Dhalla, Esq.
Nevada Bar No. 14188
SNELL & WILMER
1700 S Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone:  (702) 784-5200
Facsimile:  (702) 784-5252
Email: sprior@swlaw.com
        adhalla@swlaw.com

Kristopher L. Reed (*pro hac vice*)
Adrienne E. Dominguez (*pro hac vice*)
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel: (214) 964-9500
Fax: (214) 964-9501
kris.reed@hklaw.com

*Attorneys for Plaintiff TP-Link Systems Inc.*

Edward J. Mayle (*pro hac vice*)
Edward J. Mayle (*pro hac vice*)
Kenneth S. Chang (*pro hac vice*)
HOLLAND & KNIGHT LLP
1801 California Street, Suite 5000
Denver, CO 80202
Tel: (303) 974-6653
Fax: (303) 974-6659
edward.mayle@hklaw.com
kenneth.chang@hklaw.com

Amir A. Shakoorian (*pro hac vice*)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel:  (213) 896-2578
amir.shakoorian@hklaw.com

Sadie Mlika (*pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Tel: (617) 854-1497
sadie.mlika@hklaw.com

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TP-LINK SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN CUDY TECHNOLOGY CO., LTD., <br><br> Defendant. | Case No. 2:25-cv-00057-JCM-BNW <br><br> **DECLARATION OF KRISTOPHER L. REED IN SUPPORT OF TP-LINK'S MOTION TO STAY ALL CASE DEADLINES PENDING RULING ON SANCTIONS MOTION** |

4929-7707-9943

I, Kristopher L. Reed, declare as follows:

1.      I am an attorney with the law firm of Holland & Knight LLP, and represent Plaintiff in the above-entitled action.

2.      I have personal knowledge of all matters stated herein and would competently be able to testify to them and make this declaration under the penalty of perjury.

3.      I make this declaration pursuant to LR 26-6 in support of Plaintiff's Motion to Stay All Case Deadlines Pending Ruling on Sanctions Motion.

4.      Attached as **Exhibit 1** is a true and correct copy of TP-Link's request for production number 10.

5.      To date, Cudy has not produced any communications with the identified third-party designer, Mr. Jianzhong Yang, in response to TP-Link's requests for production.

6.      Counsel for the parties met and conferred regarding Cudy's failure to produce any written communications with this third-party designer, Mr. Yang. During these conferrals, Cudy's counsel repeatedly relayed its client's representation that Cudy had zero written communications with Mr. Yang during the design of the accused products.

7.      Attached as **Exhibit 2** is a true and correct copy of TP-Link's Second Set of Requests for Production of Documents to Cudy.

8.      Attached as **Exhibit 3** is a true and correct copy of TP-Link's First Set of Requests for Admission to Cudy.

9.      Attached as **Exhibit 4** is a true and correct copy of TP-Link's Second Set of Interrogatories to Cudy.

10.     Attached as **Exhibit 5** is a true and correct copy of the transcript for the November 14, 2025 hearing on TP-Link's motion to compel.

11.     Following the Court's order granting TP-Link's motion to compel, TP-Link engaged a Chinese law firm to investigate the named third-party designer, Mr. Jianzhong Yang.

12.     Attached as **Exhibit 6** is a true and correct copy of TP-Link's counsel's November 21, 2025 email to Cudy's counsel providing the investigation material on Mr. Jianzhong Yang.

- 2 -

4929-7707-9943

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 S Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

13. Attached as **Exhibit 7** is a true and correct copy of TP-Link's counsel's November 24, 2025 email proposing search terms to Cudy's counsel in advance of the Court-ordered November 30, 2025 deadline for the device search.

14. On November 26, 2025, Cudy's counsel informed TP-Link's counsel by telephone that all attorneys of record for Cudy—both lead and local counsel—would be withdrawing from the litigation.

15. Attached as **Exhibit 8** is a true and correct copy of Cudy's "corrected" answer to Interrogatory No. 2.

16. To date, Cudy has not produced any of the alleged "contracts" or communications referenced in its "corrected" response to Interrogatory No. 2.

17. Attached as **Exhibit 9** is a true and correct copy of Cudy's Supplemental Initial Disclosures.

18. Attached as **Exhibit 10** is a true and correct copy of Cudy's Second Supplemental Initial Disclosures.

EXECUTED this 9th day of January, 2026, in Dallas, Texas.

/s/ Kristopher L. Reed
Kristopher L. Reed

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 S Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

- 3 -

4929-7707-9943