Spencer Gunnerson, Esq. (Bar #8810)
s.gunnerson@kempjones.com
Madison S. Florance, Esq. (Bar #14229)
m.florance@kempjones.com
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Fax: (702) 385-6001

Peter J. Curtin, Esq. (Pro Hac Vice)
Pete_curtin@archlakelaw.com
Hao Tan, Esq. (Pro Hac Vice)
haotan@archlakelaw.com
Qilin Wang, Esq. (Pro Hac Vice)
qilinwang@archlakealw.com
Shen Wang, Esq. (Pro Hac Vice)
shenwang@archlakelaw.com
ARCH & LAKE LLP
203 N. LaSalle Street, Suite 2100
Chicago, IL 60601

Gary Hnath, Esq. (Pro Hac Vice)
ghnath@mayerbrown.com
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006

*Attorneys for Defendant*
*Shenzhen Cudy Technology Co., Ltd.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TP-LINK SYSTEMS INC., | Case No.: 2:25-cv-00057-JCM-BNW |
| Plaintiff, | |
| vs. | **DEFENDANT SHENZHEN CUDY TECHNOLOGY CO., LTD.'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF TP-LINK SYSTEMS INC.'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** |
| SHENZHEN CUDY TECHNOLOGY CO., LTD., | |
| Defendant. | |
| | **[REDACTED]** |

1

Defendant Shenzhen Cudy Technology Co. Ltd. ("Cudy") respectfully moves this Court for leave to file a sur-reply to address new evidence and arguments advanced in Plaintiff TP-Link Systems Inc. ("TP-Link")'s Reply (ECF No. 148) to Defendant's Opposition (ECF No. 141) to Plaintiff's Motion for Sanctions (ECF No. 136).

The Local Rules provide for a motion, a memorandum in opposition and a reply brief. *See* LR 7-2(b). However, the Local Rules also permit the filing of sur-replies filed with leave of the Court. *Id.* To the extent that a party raises a new argument or proffers new evidence and information in a reply brief, the opposing party is deprived of an opportunity to respond. *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). Therefore, the Court cannot properly consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). This Court has the inherent authority to grant leave to file a sur-reply brief when it determines that the information would be germane to the Court's evaluation of the pending matter (here, the pending Motion for Sanctions). *See Cedars-Sinai Medical Center v. Shalala*, 177 F.3d 1126, 1129 (9th Cir. 1999).

This district often allows sur-replies that are deemed "helpful in adjudicating" a pending motion. *See, e.g.*, *Visa Intern. Serv. Ass'n v. JSL Corp.*, 533 F.Supp.2d 1089, 1099 (D. Nev. 2007). Here, TP-Link has introduced new evidence (including 22 new exhibits) and arguments in its reply brief which Cudy has had no opportunity to address. *See* ECF No. 148, He Decl.; ECF No. 149 through 151. TP-Link has also, based on this new evidence, argued that it did not make misrepresentations to the Court (and that its CEO, Mr. Jeffery Chao, did not submit a perjured declaration) regarding Mr. Chao's involvement in the design of TP-Link's asserted trade dress. *See* ECF No. 148, 10-12. Principles of fairness weigh in favor of permitting Cudy to file a sur-reply brief to address such new evidence and arguments. *See SMC Constr. Co. v. Rex Moore Grp., Inc.*, No. 3:17-cv-00470-LRH-VPC, 2017 U.S. Dist. LEXIS 139474, at *2 (D. Nev. Aug. 30, 2017) (allowing a sur-reply "based on the breadth of new arguments and evidence raised in the reply"); *Zabelny v. CashCall, Inc.*, No. 2:13-cv-00853-GMN-PAL, 2013 U.S. Dist. LEXIS 97576, at *4 (D. Nev. July 11, 2013) (allowing a sur-reply to address new authority raised in the reply).

TP-Link seeks case-dispositive sanctions in its motion, and Cudy submits that the Court should have the benefit of Cudy's responses to evidence and arguments raised for the first time in TP-Link's Reply.

Therefore, Cudy respectfully moves this Court for leave to file a sur-reply (a true and correct copy of which is attached as **Exhibit 1** to the instant motion) to address the new evidence and arguments advanced in Plaintiff's Reply.

DATED this 9th day of March, 2026.

**ARCH & LAKE, LLP**

 /s/ Peter J. Curtin
Peter J. Curtin, Esq. (Pro Hac Vice)
Hao Tan, Esq. (Pro Hac Vice)
Qilin Wang, Esq. (Pro Hac Vice)
Shen Wang, Esq. (Pro Hac Vice)
203 N. LaSalle Street, Suite 2100
Chicago, IL 60601

**MAYER BROWN LLP**
Gary Hnath, Esq. (Pro Hac Vice)
1999 K Street, NW
Washington, DC 20006

**KEMP JONES, LLP**
Spencer H. Gunnerson, Esq. (Bar # 8810)
Madison S. Florance, Esq. (Bar # 14229)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

*Attorneys for Defendant*
*Shenzhen Cudy Technology Co., Ltd.*

ORDER

This Court GRANTS Defendant's Motion for Leave to File a surreply. The Clerk of Court is kindly instructed to detach the surreply and file it on the docket.

UNITED STATES MAGISTRATE JUDGE
DATED: March 10, 2026

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2026, I served a true and correct copy of the foregoing **DEFENDANT SHENZHEN CUDY TECHNOLOGY CO., LTD.'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF TP-LINK SYSTEMS INC.'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS [REDACTED]** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

  /s/ Charmaine M. Diaz
An employee of Kemp Jones, LLP

3

# Exhibit 1

**DEFENDANT SHENZHEN CUDY TECHNOLOGY CO., LTD.'S
SUR-REPLY TO PLAINTIFF TP-LINK SYSTEMS INC.'S REPLY TO
DEFENDANT'S  OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

**[REDACTED]**

Spencer Gunnerson, Esq. (Bar #8810)
s.gunnerson@kempjones.com
Madison S. Florance, Esq. (Bar #14229)
m.florance@kempjones.com
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Fax: (702) 385-6001

Peter J. Curtin, Esq. (Pro Hac Vice)
Pete_curtin@archlakelaw.com
Hao Tan, Esq. (Pro Hac Vice)
haotan@archlakelaw.com
Qilin Wang, Esq. (Pro Hac Vice)
qilinwang@archlakealw.com
Shen Wang, Esq. (Pro Hac Vice)
shenwang@archlakelaw.com
ARCH & LAKE LLP
203 N. LaSalle Street, Suite 2100
Chicago, IL 60601

Gary Hnath, Esq. (Pro Hac Vice)
ghnath@mayerbrown.com
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006

*Attorneys for Defendant*
*Shenzhen Cudy Technology Co., Ltd.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TP-LINK SYSTEMS INC., <br><br> Plaintiff, <br><br> vs. <br><br> SHENZHEN CUDY TECHNOLOGY CO., LTD., <br><br> Defendant. | Case No.: 2:25-cv-00057-JCM-BNW <br><br> **DEFENDANT SHENZHEN CUDY TECHNOLOGY CO., LTD.'S SUR-REPLY TO PLAINTIFF TP-LINK SYSTEMS INC.'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** <br><br> **[REDACTED]** |

1

Defendant Shenzhen Cudy Technology Co. Ltd. ("Cudy") submits this Sur-Reply with leave of the Court to address new evidence and arguments [ECF No. 148, 10-12; ECF No. 148, He Decl.; ECF No. 149 through 151] submitted by Plaintiff TP-Link Systems Inc. ("TP-Link") in its Reply brief (ECF No. 148). Mindful of the proper scope of a Sur-Reply, Cudy does not address other issues discussed in the TP-Link Reply that have been briefed by the parties, but its silence herein should not be construed as agreement with TP-Link.

In its Opposition to TP-Link's motion for sanctions, Cudy identified certain Chinese design patent applications that, claiming designs substantially the same as the TP-Link Trade Dresses at issue here, designated TP-Link's CEO, Mr. Jeffrey Chao, as the inventor ("designer") – which contradicts a sworn declaration from Mr. Chao and TP-Link's submissions to this Court arguing that Mr. Chao had nothing to do with the design of the asserted trade dress. As Cudy explained, such misrepresentations by TP-Link provide Cudy an "unclean hands" defense to TP-Link's Motion for Sanctions. ECF No. 143, 20-21.

In its Reply brief, TP-Link does not dispute that the unclean hands of the movant may be a defense to a sanctions motion. Instead, TP-Link denies that it made any misrepresentation to the Court regarding the role of Mr. Chao in the design of its asserted Trade Dresses. *See* ECF No. 148, 10-12. TP-Link argues, in essence, that the Court should ignore the fact that Mr. Chao has been named as the inventor on design patent applications encompassing the asserted TP-Link trade dress because it is allegedly common practice in China for companies to name senior executives rather than the true designer on patent applications in violation of Chinese law. ECF No. 148, 10-11. TP-Link bases its argument on (1) several Chinese journal articles (ECF No. 149-1 through 149-4) that deplore the practice of falsely designating inventors or designers as "improper attribution" that "seriously infringe[s] upon the lawful rights of the true inventors or designers" (ECF No. 149-1, 1) and constitutes a "serious problem" of "infringement of service inventor's right of attribution by enterprises and institutions" (ECF No. 149-4, 1); (2) a declaration from a Mr. Chong He (ECF No. 148, He Decl.); and (3) ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████ (*see* ECF No. 149-5 through 151-22).

2

However, for the reasons described below, TP-Link's reliance on these materials is seriously flawed; they cannot bear the weight TP-Link accords them.

First, TP-Link uses the Chinese journal articles and the He Declaration to argue that Mr. Chao's listing as the designer on Chinese design patents does not show Mr. Chao's direct participation in those designs (which, TP-Link does not dispute, closely resemble TP-Link's asserted Archer and Deco Trade Dresses). *See* ECF No. 148, 10-11. According to TP-Link, fraudulent attribution of inventorship was "pervasive" among applicants for Chinese design patents. *See* ECF No. 148, 10-11. Even if TP-Link were correct – and this claim is mere *ipse dixit* by TP-Link -- Mr. Chao has knowingly allowed his name to be listed as the designer in at least two[1] design patent applications in China, and if those representations are false (as TP-Link claims) each such instance is a criminal offense. *See* Detailed Rules for the Implementation of the Patent Law of the People's Republic of China (2023 Revision), Article 14 ("The term 'inventor' or 'designer' as used in the Patent Law refers to a person who has made a creative contribution to the substantive features of an invention. A person who, in the process of completing an invention, is only responsible for organizing the work, facilitating the use of material and technical conditions, or performing other auxiliary work, is not an inventor or designer.") (unofficial translation)[2]; Implementing State Intellectual Property Office, Measures for Regulating Patent Application behavior (March 11, 2021), Articles 2, 7 (prescribing the referral for criminal prosecution of entities or individuals who falsify inventors or designers).

TP-Link essentially argues that historically, that law had been loosely enforced and that noncompliance was widespread, *see* ECF No. 148, 11, which is hardly a justification. Cudy's

---

[1] Moreover, a quick search located *sixteen* Chinese design patent applications by Shenzhen Lianzhou International Technologies Co., Ltd. ("Shenzhen Lianzhou") --  a Chinese affiliate of TP-Link – which list Mr. Chao as the designer, and *fifteen* Chinese design patent applications by TP-Link Technologies Co., Ltd. ("TP-Link China") - a former Chinese affiliate of TP-Link – which also list Mr. Chao as the designer. *See* Qilin Wang Decl., ¶¶3-4, 6, Ex. 1-2, 5-6. Thus TP-Link's argument, if applied to those other TP-Link design patent applications, would mean that Mr. Chao has falsely claimed inventorship at least *thirty-one times*.

[2] This has been the law in China since at least 2010, as shown by an article TP-Link cites. *See* ECF No. 149-2, 1.

counsel and this Court are entitled to rely on TP-Link's representations to the Chinese patent office regarding Mr. Chao's inventorship. At the very least, TP-Link's own arguments establish that TP-Link and Mr. Chao have been involved in repeated misrepresentations to authorities *somewhere* – either to the Chinese authorities, or to this Court, or to both. According to TP-Link's arguments against Cudy, such misrepresentations "cast[s] doubt on the veracity of all of the [TP-Link]'s submissions throughout litigation," and particularly on TP-Link's representation of Mr. Chao's role in the design of its asserted trade dress. *See Martin v. Domino's Pizza*, 2023 WL 7461882, at *5 (D. Nev. Nov. 9, 2023). TP-Link's new evidence reinforces, rather than refutes, its history of unclean hands.

Second, TP-Link's argument fails to explain why Mr. Chao's name appears as the designer on certain design patents applied for by Shenzhen Lianzhou and TP-Link China, but not on the many other design patents those companies have sought. As discussed above, Mr. Chao was listed as a designer on a total of thirty-one design patent applications (conspicuously including at least four applications[3] directly related to the asserted Trade Dresses), while Shenzhen Lianzhou has a total of *sixty-eight* design patent applications and TP-Link China has a total of *three hundred and ninety* design patent applications. *See* Qilin Wang Decl., ¶¶3-7, Ex. 1-8. Thus, Mr. Chao appears as the named designer on *less than one-tenth* of the design patent applications filed by these companies.[4] If it were truly TP-Link's corporate practice to falsely name Mr. Chao as the designer based on his position, why only on certain patents but not others? This dichotomy strongly indicates that Mr. Chao played a crucial role in the development of the particular designs on which he is named as the "designer." Thus, TP-Link's argument cannot be the last word on this matter.

Third and finally, contrary to TP-Link's assertions, ██████████████ ████ actually throw more doubt upon its narrative and in particular upon Mr. Chao's role in the design. For example, Cudy has located two other Chinese design patents (Sur-Reply Exs. A-

---

[3] Two identified in Cudy's Opposition and two others discussed below (Sur-Reply Exs. A-D).

[4] Further, the two companies filed applications for more than a thousand invention patents (equivalent to U.S. utility patents) and more than four hundred utility models, without naming Mr. Chao as the inventor of a single one of these. *See* Qilin Wang Decl., ¶¶3-7, Ex. 1-8.

4

D) – again listing Mr. Chao as the designer – ███████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████



| *Image* ████████ ██████ | *Image in the Chinese design patents* |
|---|---|
| ████████████████ | Sur-Reply Ex. B (CN Patent App. 201703573633.6, dated November 20, 2017), 1. |
| ████████████████ | Sur-Reply Ex. D (CN Patent App. 201930718621.7, dated December 23, 2019), 1. |

Thus, these TP-Link design documents in no way rule out Mr. Chao's participation in the design process and accordingly do not refute the premise that TP-Link has misrepresented Mr. Chao's role. The lack of any reference to Mr. Chao ██████████████████████████ does not mean

5

that he was not involved in the process and did not at some point ████████████, as the Chinese patents suggest.

For at least the reasons stated above, Cudy respectfully requests that the Court reject TP-Link's new evidence and arguments and find that TP-Link engaged in misrepresentations regarding Mr. Chao's role in the design of the asserted Trade Dresses, and accordingly, deny TP-Link's Motion for Sanctions, including on the basis of TP-Link's own unclean hands.

DATED this <u>9th</u> day of <u>March</u>, 2026.

**ARCH & LAKE, LLP**

_/s/ Peter J. Curtin_
Peter J. Curtin, Esq. (Pro Hac Vice)
Hao Tan, Esq. (Pro Hac Vice)
Qilin Wang, Esq. (Pro Hac Vice)
Shen Wang, Esq. (Pro Hac Vice)
203 N. LaSalle Street, Suite 2100
Chicago, IL 60601

**MAYER BROWN LLP**
Gary Hnath, Esq. (Pro Hac Vice)
1999 K Street, NW
Washington, DC 20006

**KEMP JONES, LLP**
Spencer H. Gunnerson, Esq. (Bar # 8810)
Madison S. Florance, Esq. (Bar # 14229)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

_Attorneys for Defendant_
_Shenzhen Cudy Technology Co., Ltd._

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2026, I served a true and correct copy of the foregoing **DEFENDANT SHENZHEN CUDY TECHNOLOGY CO., LTD.'S SUR-REPLY TO PLAINTIFF TP-LINK SYSTEMS INC.'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS [REDACTED]** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

 _/s/ Charmaine M. Diaz_
An employee of Kemp Jones, LLP

# Exhibit A

**CN Patent App. 201703573633.6, dated November 20, 2017**

（19）中华人民共和国国家知识产权局



# （12）外观设计专利

（10）授权公告号 CN 304788539 S
（45）授权公告日 2018.08.28

（21）申请号 201730573633.6

（22）申请日 2017.11.20

（73）专利权人 普联技术有限公司
地址 518000 广东省深圳市南山区深南路
科技园工业厂房24栋南段1层、3-5层、
28栋北段1-4层

（72）设计人 赵建军

（74）专利代理机构 广州三环专利商标代理有限
公司 44202
代理人 麦小婵  郝传鑫

（51）LOC(11)Cl.
14-03

图片或照片 16 幅 简要说明 1 页

（54）使用外观设计的产品名称
路由器



设计1立体图

CN 304788539 S

CN 304788539 S                          外观设计图片或照片                          1/2 页



设计1主视图



设计1俯视图



设计1后视图



设计1仰视图



设计1左视图



设计1立体图



设计1右视图



设计1使用状态图

2

外观设计图片或照片



设计2主视图



设计2俯视图



设计2后视图



设计2仰视图



设计2左视图



设计2立体图



设计2右视图



设计2使用状态图

3

Case 2:25-cv-00557-JCM-BNW   Document 15-81   Filed 03/10/26   Page 17 of 28

# 简 要 说 明

1.本外观设计产品的名称:路由器。

2.本外观设计产品的用途:本外观设计产品用于通过有线或无线的方式供各种终端设备进行网络通讯。

3.本外观设计产品的设计要点:在于产品的形状。

4.最能表明本外观设计设计要点的图片或照片:设计1立体图。

5.指定基本设计:本外观设计包括两项设计,其中设计1为基本设计。

# Exhibit B

**Translated CN Patent App.
201703573633.6, dated November 20, 2017**



Legal Advantage LLC
Washington DC
10411 Motor City Drive
Suite 750, Bethesda, MD 20817
Phone: 301-450-2161

# CERTIFICATION OF TRANSLATION

**Original text full file names:**
  **CN201730573633.6-路由器& CN201930718621.7-路由器**
**Translation full file name:**
  **CN201730573633.6-路由器- Final & CN201930718621.7-路由器 - Final**

This is to certify that the attached documents in <u>English</u> language with the above title are a true and accurate translation, and has the same meaning as the text of the original documents of the <u>Chinese</u> language to the best of our knowledge and belief. This translation is performed and edited by Chinese to English professional translators (ATA).

Executed this 6<u>th</u> day of March 2026.

_____

Hal Pieroway
Translation Department

Legal Advantage LLC uses all available measures to ensure the accuracy of each translation but shall not be held liable for damages due to error or negligence in translation or transcription.

(19) State Intellectual Property Office
of the People's Republic of China



(12)Design Patent



(10) Authorization Announcement Number CN 304788539 S

(45) Authorization Announcement Date  August 28, 2018

(21) Application Number: 201730573633.6

(22) Filing Date: November 20, 2017

(73) Assignee: TP-LINK Technologies Co., Ltd.

Address: 1/F, 3/F-5/F, South Block, No. 24 Factory Building,and 1/F-4/F, North Block,

Science & Technology Industry Park, Shennan Road, Nanshan District,

Shenzhen, Guangdong 518000, China;

(72) Designer: Zhao Jianjun

(74) Patent Agency: Guangzhou SanHua Patent
            Agency Co., Ltd. 44202

Agent: Mai Xiaochang, Hao Chuanxin

(51) LOC(11)Cl .

14-03

Number of Drawings/Photographs: 16
Number of Brief Description Pages: 1

(54) Denomination of the Product Using the Design

Router



Perspective View of Design 1

CN 304788539 S



Front View of Design 1



Top View of Design 1



Rear View of Design 1



Left View of Design 1



Bottom View of Design 1



Right View of Design 1



Perspective View of Design 1



View of Design 1 in Use State

2



Front View of Design 2



Rear View of Design 2



Left View of Design 2



Right View of Design 2



Top View of Design 2



Bottom View of Design 2



Perspective View of Design 2



View of Design 2 in Use State

1. Denomination of the Design Product: Router.

2. Purpose of the Design Product: The design is intended for use in network communication via wired or wireless means for various terminal devices.

3. Design Key Points of the Product: Lies in the shape of the product.

4. The Drawing/Photograph that Best Shows the Design Key Points: Perspective View of Design 1.

5. Designated Basic Design: This application includes two designs, with Design 1 being the basic design.

# Exhibit C

**CN Patent App. 201930718621.7, dated December 23, 2019**

（19）中华人民共和国国家知识产权局



（12）外观设计专利

（10）授权公告号 CN 305947835 S
（45）授权公告日 2020.07.28

（21）申请号 201930718621.7

（22）申请日 2019.12.23

（73）专利权人 普联技术有限公司
  地址 518000 广东省深圳市南山区深南路
     科技园工业厂房24栋南段1层、3-5层、
     28栋北段1-4层

（72）设计人 赵建军

（74）专利代理机构 广州三环专利商标代理有限
              公司 44202
  代理人 黄诗彬 郝传鑫

（51）LOC(12)Cl.
  14-03

图片或照片 7 幅 简要说明 1 页

（54）使用外观设计的产品名称
  路由器



立体图

CN 305947835 S

CN 305947835 S

## 外观设计图片或照片



主视图



俯视图



后视图



仰视图



左视图



立体图



右视图

Case 2:25-cv-00657-JCM-BNW    Document 1-5    Filed 03/10/26    Page 27 of 28

　　1.本外观设计产品的名称:路由器。

　　2.本外观设计产品的用途:本外观设计产品用于通过有线或无线的方式与各种终端设备进行网络通讯、网络连接控制。

　　3.本外观设计产品的设计要点:在于形状。

　　4.最能表明设计要点的图片或照片:立体图。

# Exhibit D

**Translated CN Patent App. 201930718621.7,
dated December 23, 2019**



Legal Advantage LLC
Washington DC
10411 Motor City Drive
Suite 750, Bethesda, MD 20817
Phone: 301-450-2161

# CERTIFICATION OF TRANSLATION

**Original text full file names:**
CN201730573633.6-路由器& CN201930718621.7-路由器
**Translation full file name:**
CN201730573633.6-路由器- Final & CN201930718621.7-路由器 - Final

This is to certify that the attached documents in <u>English</u> language with the above title are a true and accurate translation, and has the same meaning as the text of the original documents of the <u>Chinese</u> language to the best of our knowledge and belief. This translation is performed and edited by Chinese to English professional translators (ATA).

Executed this 6<u>th</u> day of March 2026.

_____

Hal Pieroway
Translation Department

Legal Advantage LLC uses all available measures to ensure the accuracy of each translation but shall not be held liable for damages due to error or negligence in translation or transcription.

(19) State Intellectual Property Office of the People's Republic of China



(12)Design Patent

(10) Authorization Announcement Number CN 305947835 S

(45) Authorization Announcement Date July 28, 2020



(21) Application Number: 201930718621.7

(22) Filing Date: December 23, 2019

(73) Assignee: TP-LINK Technologies Co., Ltd.

 Address: 1/F, 3/F-5/F, South Block, No. 24 Factory Building,and 1/F-4/F, North Block,

  Science & Technology Industry Park, Shennan Road, Nanshan District,

  Shenzhen, Guangdong 518000, China;

(72) Designer: Zhao Jianjun

(74) Patent Agency: Guangzhou SanHua Patent
     Agency Co., Ltd. 44202

 Agent: Huang Shibin, Hao Chuanxin

(51)LOC(12)Cl .

 14-03

Number of Drawings/Photographs: 7
Number of Brief Description Pages: 1

(54) Denomination of the Product Using the Design

 Router



Perspective View

CN 305947835 S                Drawings/Photographs of Design                Page 1 of 1



Front View



Top View



Rear View



Bottom View



Left View



Perspective View



Right View

2

1.Denomination of the Design Product: Router.

2.Purpose of the Design Product: The design is intended for use in network communication and network connection control via wired or wireless means with various terminal devices.

3. Design Key Points of the Product: Lies in the shape.

4. The Drawing/Photograph that Best Shows the Design Key Points: Perspective View.

Case 2:25-cv-00657-JCM-BNW    Document 15-1    Filed 03/10/26    Page 32 of 328

CN 305947835 S                    Brief Description                    Page 1 of 1