**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TP-Link-Systems Inc.,

Plaintiff,

v.

Shenzhen Cudy Technology Co., Ltd.,

Defendant.

Case No. 2:25-cv00057-JCM-BNW

**ORDER**

Before this Court is Defendant Shenzhen Cudy Technology Co., Ltd.'s motion for reconsideration and/or clarification of this Court's November 14, 2025, order. ECF No. 184. Plaintiff TP-Link Systems Inc. opposed (ECF No. 186), and Cudy replied (ECF No. 200). The motion is granted.

The forensic examination ordered at ECF No. 98 was directed solely at determining whether Cudy had communications responsive to the particular request at issue in TP-Link's motion to compel—communications with the principal designer of the accused products, then identified as Mr. Jianzhong Yang. Because it is now undisputed that Mr. Yang did not design the accused products, that order no longer needs to be effectuated. TP-Link's requests for an expanded forensic examination and for fees are denied on the current record.

**I. Meet and Confer**

TP-Link argues that the motion should not be considered because Cudy did not meet and confer by telephone or video conference under LR 26-6(c). TP-Link cites no controlling authority applying LR 26-6(c) to a motion asking this Court to reconsider the continued applicability of a prior order based on new facts, and this Court is aware of none. Cudy's motion does not seek to compel or resist any particular discovery request. Instead, it asks this Court to address whether there is a need to effectuate the prior order based on the developments in the case and, if so, to define the scope.

In any event, to the extent LR 26-6(c) applies, this Court will dispense with it and reach the merits. *See* LR IA 1-4 (permitting the Court to dispense with any of the local rules "if the interests of justice so require"). The parties' September 2026 email exchange shows their positions on this question were fixed and the issue has now been fully briefed.

**II. Reconsideration and Clarification**

A court has "the inherent procedural power to reconsider . . . an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001). Reconsideration may be appropriate based on "[c]hanges in legal or factual circumstances," as long as they are "stated with particularity." LR 59-1(a).

Cudy has met that standard. It acknowledges the conduct for which it was sanctioned: that it advanced a false narrative that Mr. Yang designed the accused products. And it rightly notes that because Mr. Yang was not the designer, there would be no communications between him and Cudy (and there were none to begin with).

That changed fact removes the basis for the forensic examination, which had a narrow purpose. TP-Link's motion to compel sought "all communications with the principal designer of the accused products found on the communication platforms utilized by the company." It is now clear that a vendor search for communications with Mr. Yang would serve no purpose, so the order at ECF No. 98 no longer needs to be effectuated.

TP-Link argues that Cudy knew the truth all along. That goes to conduct this Court has already sanctioned, not to what the examination was designed to do.

**III. TP-Link's Requests**

TP-Link asks this Court to order a forensic search of all of Cudy's networks, computers, and devices for all responsive information and for indicia of spoliation. That is new relief, and it may not be sought in a response brief. *See* LR IC 2-2(b). It is also an extremely broad request, and the parties have not met and conferred on the matter. The request is denied without prejudice.

TP-Link also seeks its fees under Federal Rule of Civil Procedure 37(b)(2)(C). ECF No. 186 at 7. That rule applies when a party fails to obey a discovery order. Asking the Court to address

an order's continued applicability is not a failure to obey it. And in any event, Cudy's motion was substantially justified—this Court grants it. No fees will be awarded.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that Cudy's motion for reconsideration and/or clarification (ECF No. 184) is **GRANTED**. The forensic examination ordered at ECF No. 98 no longer needs to be effectuated.

**IT IS FURTHER ORDERED** that TP-Link's request for an expanded forensic examination is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that TP-Link's request for attorney's fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that the hearing scheduled for November 5, 2026, *for this motion only* is **VACATED**. The hearing will proceed on the Motion to Compel (ECF No. 189) and Motions to Seal (ECF Nos. 206 and 214).

DATED: October 30, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE