**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TP-LINK SYSTEMS INC.,<br>Plaintiff,<br>v.<br>SHENZHEN CUDY TECHNOLOGY CO., LTD.,<br>Defendant. | Case No. 2:25-cv-00057-JCM-BNW<br>**ORDER** |

Before this Court is Defendant Shenzhen Cudy Technology Co., Ltd.'s motion to compel the deposition of Plaintiff TP-Link Systems Inc.'s CEO, Jeffrey Chao. ECF Nos. 189, 195 (errata). TP-Link opposed. ECF No. 204. Cudy replied. ECF No. 211.

The motion is denied. At the October 30, 2025, hearing, this Court allowed Cudy to re-file this motion if it did not obtain the needed information after exhausting less-intrusive discovery methods. Cudy has not exhausted those methods.

## I. BACKGROUND

TP-Link moved for a protective order barring Mr. Chao's deposition under the apex doctrine. ECF No. 63. This Court found, among other things, that Cudy had not propounded any discovery, such as interrogatories or requests for admissions, that would show Mr. Chao may have information worth following up on by way of deposition that cannot be gathered from other individuals, and that Cudy had not specified what Mr. Chao may know that others would not know. ECF No. 94 *Id.* at 5:21–6:6. This Court then ruled:

> On this record, the Court finds that the plaintiff has met its burden to show good cause and that annoyance and undue burden and expense would result from the deposition of Mr. Chao at this time. Should defendants not obtain the needed information after exhausting less-intrusive discovery methods, the Court will allow the defendant to re-file the motion.

*Id.* at 6:7–12.

## II. DISCUSSION

### A. Cudy has not exhausted less-intrusive discovery methods.

Cudy has served no interrogatories or requests for admissions. It has not deposed any of TP-Link's identified witnesses or taken the noticed Rule 30(b)(6) deposition. The only written discovery aimed specifically at Mr. Chao's role was served after Cudy filed this motion, and TP-Link's responses are not yet due. What Cudy has done is review TP-Link's late-2025 productions and search public Chinese patent records. That is a start, but it is not exhaustion. Cudy argues it need not do more because the documents already show what less-intrusive discovery was meant to reveal. But what the documents show is the very thing in dispute. Cudy reads them as establishing Mr. Chao's personal involvement in the designs at issue. TP-Link reads them as reflecting routine executive approvals of work done by others. Interrogatories, requests for admissions, and depositions of the employees and designers named in those documents are how that dispute gets tested. Cudy cannot skip that step by relying on its own reading of the documents—especially when this Court made exhausting those methods the condition for re-filing.

### B. Future motions

Consistent with the October 30, 2025, ruling, this denial is without prejudice. Cudy is cautioned, however, that if it brings this motion again without first exhausting less-intrusive discovery methods, it may be sanctioned for failing to follow a court order. *See* LR IA 11-8.

### C. Expenses

When a motion to compel is denied, the Court must, after giving an opportunity to be heard, require the movant, its attorney, or both to pay the opposing party's reasonable expenses, including attorney's fees, unless the motion was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(B). A motion is substantially justified if reasonable people could differ as to its appropriateness. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Cudy's motion was not substantially justified. This Court's ruling made clear that less-intrusive methods had to be exhausted first, and Cudy did not exhaust them. No circumstances make an award unjust. Cudy must therefore pay TP-Link's reasonable expenses, including attorney's fees, incurred in opposing the motion.

The parties must meet and confer within 10 days of this order to try to agree on the amount of those expenses. If they cannot agree, TP-Link may file the appropriate motion within 14 days after the meet and confer.

## III. CONCLUSION

**IT IS ORDERED** that Cudy's motion to compel the deposition of Jeffrey Chao (ECF Nos. 189, 193) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that TP-Link's request for expenses under Rule 37(a)(5)(B) is **GRANTED**.

DATED: November 3, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE